**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK (BROOKLYN DIVISION)**
-----------------------------------------------------------x

KIRYAT BELZ JERUSALEM,

               Plaintiff,

-against-

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY

               Defendants.
-----------------------------------------------------------x

**COMPLAINT WITH JURY DEMAND**

Plaintiff, KIRYAT BELZ JERUSALEM, ("Kiryat" or "Plaintiff") by way of his complaint alleges the following:

## INTRODUCTION

1. This is an action for damages brought by a charity for Defendants' breach of its contractual duties and the implied covenant of good faith and dealing with respect to two life insurance contracts.

## JURISDICTION AND VENUE

2. Jurisdiction is premised on 28 U.S.C. § 1332.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue is premised on 28 U.S.C. §1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

## PARTIES

5. Plaintiff is a charity with its main address located at 1301 47th Street, Brooklyn NY 11219.

6.      Defendant is an insurance company with its home office located at 1295 State Street, Springfield, MA 01111-0001.

## STATEMENT OF FACTS

7.      On or about July 2, 2007, nonparty Magdalena Knopfler (hereinafter "Knopfler") entered into a contract with Defendant by which Knopfler would pay adjusted annual premiums to Defendant in consideration of a death benefit of six hundred thousand dollars ($600,000) (hereinafter referred to as "Policy 84").

8.      On or about September 4, 2007, nonparty Magdalena Knopfler (hereinafter "Knopfler") entered into a contract with Defendant by which Knopfler would pay adjusted annual premiums to Defendant in consideration of a death benefit of three hundred fifty thousand dollars ($350,000) (hereinafter referred to as "Policy 27").

9.      The beneficiaries of both Policy 84 and Policy 27 (hereinafter "the Policies") are Plaintiff and Knopfler's children. Plaintiff is entitled to ninety percent (90%) of the death benefit proceeds of both policies and Knopfler's children were entitled to ten percent (10%) of the death benefit proceeds of both policies.

10.     The premiums for both policies were paid quarterly.

**i. Policy 84**

11.     In or around March of 2019, Defendant sent Plaintiff a notice to issue payment in the amount of six thousand one hundred forty-eight dollars and sixty-one cents ($6,148.61) so that Policy 84 would not lapse.

12.     In or around April of 2019, Plaintiff sent Defendant a check in the amount of six thousand one hundred forty-eight dollars and sixty-one cents ($6,148.61).

13.     In or around April of 2019, Defendant received the six thousand one hundred forty-eight dollars and sixty-one cents ($6,148.61) check from Plaintiff.

**ii. Policy 27**

14.     On or about July 8, 2019, Defendant issued a notice to Plaintiff to pay an amount of four thousand ninety-nine dollars and eighty-five cents ($4,099.85) so that Policy 27 would not lapse.

15.     On or about July 15, 2019, Plaintiff remitted a check in the amount of four thousand ninety-nine dollars and eighty-five cents ($4,099.85) to Defendant.

16.     In or around July of 2019, Defendant received and accepted the four thousand ninety-nine dollars and eighty-five cents ($4,099.85) check.

17.     Several months later, despite full payment of all premiums, Defendant sent Knopfler and Plaintiff a notice that stated Policy 84 and Policy 27 lapsed on September 6, 2019.

18.     On April 6, 2020, Knopfler died as a result of respiratory failure caused by COVID-19.

19.     On or about June 11, 2020, Plaintiff submitted a claim to receive the death benefits provided in the Policies.

20.     On or about June 24, 2020, instead of remitting payment of the death benefit amounts, Defendant offered to return the six thousand one hundred forty-eight dollars and sixty-one cents ($6,141.61) check and the four thousand ninety-nine dollars and eighty-five cents ($4,099.85) check.

21.     To date, Defendant has refused to remit any amount of the death benefits provided in the Policies to Plaintiff or Knopfler's children.

# FIRST CAUSE OF ACTION
(Breach of Contract)

22. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 19 as if fully set forth herein.

23. The Policies constitute valid contracts between Defendant and Knopfler.

24. Knopfler and Plaintiff performed Knopfler's duties under the Policies by paying the quarterly premiums due under the Policies to Defendant.

25. As a result, Defendant was under a duty to provide the death benefits of the Policies to Plaintiff and Knopfler's children after Knopfler died and Plaintiff submitted a claim to receive the death benefits.

26. Knopfler died and Plaintiff submitted a claim to receive the death benefits.

27. To date, Defendant has refused to remit any amount of the death benefits provided in Policy 84 and Policy 27 to Plaintiff or Knopfler's children.

28. Plaintiff and Knopfler's children are the intended beneficiaries of Policy 84 and Policy 27.

29. As a result of Defendants breach of their duties under the Policies, Plaintiff suffered the following actual harm:

    a. Having to spend thousands of dollars in quarterly premiums under the Policies;
    b. Losing the nine hundred and fifty thousand dollars ($950,000) owed to Plaintiff under the Policies; and
    c. Having to spend thousands of dollars in attorneys' fees to obtain nine hundred and fifty thousand dollars ($950,000) of unpaid death benefits.

30. Defendant is therefore liable to Plaintiff for actual, statutory, as well as reasonable costs and attorneys' fees.

## SECOND CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing)

31. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 30 as if fully set forth herein.

32. Under the Policies, Defendant owed Plaintiff a duty to act in good faith and conduct fair dealing.

33. Defendant breached that duty by causing the Policies to "lapse" without justification, failing to provide any amount of the death benefits under the Policies to Plaintiff, and failing to deal fairly with Plaintiff to resolve the matter.

34. As a result of Defendant's breach of its duties under the Policies, Plaintiff suffered the following actual harm:

   a. Having to spend thousands of dollars in quarterly premiums under the Policies;

   b. Losing the nine hundred and fifty thousand dollars ($950,000) owed to Defendant under the Policies; and

   c. Having to spend thousands of dollars in attorneys' fees to obtain nine hundred and fifty thousand dollars ($950,000) of unpaid death benefits.

35. Defendant is therefore liable to Plaintiff for actual, statutory, as well as reasonable costs and attorneys' fees.

## THIRD CAUSE OF ACTION
(Declaratory Judgment)

36. Plaintiff repeats and realleges and incorporates all the allegations made in paragraphs 1 through 36 as if fully set forth herein.

37. There exists a valid agreement which designates Plaintiff as a beneficiary of the life insurance policy.

38. Plaintiff is respectfully requesting a declaratory judgment action in favor of Plaintiff and against the Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests this Court to:

a. Award actual damages in an amount to be determined at trial;

b. Award statutory damages as set forth above;

c. Award reasonable attorney's fees, costs and disbursements; and

d. Award such other and further relief as this Court may deem just and proper

Date: November 30, 2020
Kew Gardens, New York

Yours etc.,

/s/ Kadochnikov

_____

Alexander Kadochnikov, Esq.
SHIRYAK, BOWMAN, ANDERSON,
  GILL & KADOCHNIKOV, LLP
Attorney for Plaintiff
8002 Kew Gardens Rd., Ste. 600
Kew Gardens, NY 11415
718-577-3261
Akadochnikov@sbagk.com