

faegredrinker.com

**Nolan Tully**
Partner
nolan.tully@faegredrinker.com
215-988-2975 direct

**Faegre Drinker Biddle & Reath** LLP
One Logan Square, Suite 2000
Philadelphia, Pennsylvania  19103
+1 215 988 2700 main
+1 215 988 2757 fax

February 25, 2022

**VIA ECF**

Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   **Re:** ***Kiryat Belz Jerusalem v. Massachusetts Mutual Life Insurance Company***
      Case No. 20-cv-05810

Dear Judge Gujarati,

  I represent Massachusetts Mutual Life Insurance Company ("MassMutual") in the above-referenced matter. I am writing to request a pre-motion conference pursuant to Section III. A of Your Honor's Individual Rules and Local Civil Rule 7.1(d).

  This lawsuit involves two life insurance policies (collectively, the "Policies") which terminated due to non-payment of premium. Kiryat Belz Jerusalem ("Kiryat Belz") owned both Policies, which were issued by MassMutual in 2007. In 2019, Kiryat Belz failed to timely pay premium for the Policies prior to the premium due date. Additionally, after MassMutual provided the legally required notice, Kiryat Belz failed to pay premium within the grace period provided for in the Policies. Thus, the insurance Policies terminated pursuant to their terms. Several months after the Policies lapsed, MassMutual received premium checks for the Policies that were dated prior to their lapse.  MassMutual, in the normal course of business, returned these checks to Kiryat Belz.

  Kiryat Belz now claims that it timely paid premium for the Policies and that MassMutual has breached the terms of the Policies by failing to pay death benefits. The material facts are not in dispute, and this case should be decided as a matter of law. MassMutual therefore respectfully seeks permission to move for summary judgment.

**I.**  **BACKGROUND**

  **A.**  **The Policies**

  MassMutual issued two relevant policies to Kiryat Belz. First, MassMutual issued policy no. 15624884 ("Policy No. 84") on July 2, 2007. It insured the life of Magdalena Knopfler and

Honorable Diane Gujarati                                    -2-

named Kiryat Belz as a part beneficiary. Policy No. 84 provided a benefit of $600,000. Second, MassMutual issued policy no. 15629027 ("Policy No. 27") on September 4, 2007. Policy No. 27 also insured Knopfler and named Kiryat Belz as a part beneficiary. It provided a benefit of $350,000. Kiryat Belz eventually took ownership of the Policies and became responsible for paying all premiums.

Both Policies featured flexible premium structures that allowed Kiryat Belz to pay premium when it chose so long as the Policies maintained sufficient value. MassMutual notified Kiryat Belz whenever the Policies' value risked becoming too low to stay in force. Both Policies provided that MassMutual would "credit each net premium to the account value of this policy on the date we receive the premium payment."

### B.    Lapse of Policy No. 84

Kiryat Belz regularly delayed premium for Policy No. 84, forcing MassMutual to send several notices regarding late payments. Despite the frequent delays, Kiryat Belz managed to pay premium before the grace periods' deadlines until September 2019. On multiple occasions, MassMutual received premium checks months after the dates written on the checks. Because those checks were received when the policy was still in force, MassMutual credited the premium payment as of the date of receipt and not as of the date written on the check.

On June 7, 2019, MassMutual sent Kiryat Belz a notice that premium was due on July 2nd. MassMutual did not receive the premium payment by July 2nd, so it sent a past-due notice requesting the premium by September 6, 2019, as required by New York law. *See* N.Y. Ins. Law § 3211(a)-(b). Still not having received the premium by August 8, 2019, MassMutual sent a grace period notice informing Kiryat Belz that Policy No. 84 would lapse if premium was not received by September 6, 2019. MassMutual did not receive the premium payment by September 6, and Policy No. 84 lapsed on that date.

On November 13, 2019, MassMutual received a check for $6,836.46, the amount of the past-due premium – except it was received nearly two months late. The check bore a date of July 15, 2019 – approximately 121 days before the date MassMutual received the check. Because MassMutual received the check after the policy had terminated, MassMutual returned the check to Kiryat Belz.

### C.    Lapse of Policy No. 27

Policy No. 27's lapse occurred similarly. Kiryat Belz regularly delayed its premium payments for Policy No. 27. On May 10, 2019, MassMutual sent Kiryat Belz a notice of premium due on June 4th. MassMutual did not receive the premium by then, so it sent another notice on June 5th. Still having received no payment, MassMutual sent another notice on July 8th, notifying Kiryat Belz that Policy No. 27 would lapse on August 6. After MassMutual received nothing by then, Policy No. 27 lapsed on August 6, 2019.

Like Policy No. 84, MassMutual received a check for $4,099.85, the amount of past-due premium, on November 14, 2019. The check, however, bore a date of July 15, 2019 – approximately 122 days before the date on which MassMutual received it. MassMutual returned the check to Kiryat Belz.

      **D.**      **Post-Lapse Events**

After the Policies lapsed, Kiryat Belz officer Yosef Gold called MassMutual on December 19, 2019 to inquire about the process for reinstating the Policies. MassMutual emailed Mr. Gold, explaining the reinstatement process and attached the necessary documents, but Mr. Gold never submitted a reinstatement application. On April 6, 2020, Ms. Knopfler died from COVID-19. Kiryat Belz submitted a claim for death benefits under the Policies on June 11, 2020. MassMutual did not pay benefits because both Policies had lapsed. Kiryat Belz now alleges that it timely paid premium for the Policies and that the Policies were improperly lapsed.

**II.**      **SUMMARY ADJUDICATION IS WARRANTED**

Summary judgment is appropriate where the admissible evidence and pleadings demonstrate that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Zamora-Leon v. United of Omaha Life Ins. Co.*, 2017 WL 4155403, at *2 (S.D.N.Y. Sept. 18, 2017). In this case, there is no genuine dispute as to any material facts. Specifically, there is no dispute that MassMutual sent the required grace and termination notices and that MassMutual ultimately did not receive the necessary premium payments for either policy in August/September 2019, resulting in the lapse of both policies. Further, there is no dispute that MassMutual received premium payments for both Policies months after the Policies lapsed. The only remaining issue is what constitutes timely payment of premium, which should be decided as a matter of law.

Under New York law, it is well established that "the legal effect of mailing an insurance premium is controlled by the intent of the parties." *Zamora-Leon v. United of Omaha*, 2017 WL 4155403, *3 (S.D.N.Y. Sept. 18, 2017). Policy No. 84 and Policy No. 27 both note that MassMutual "credit[s] each net premium to the account value of the policy on the date [it] receive[s] the premium payment." An insurance policy's unambiguous provisions must be given their plain and ordinary meaning and should be construed so as to give full meaning and effect to all of the provisions. *Id.* As such, MassMutual must have actually received the premium checks by the required date designated in the grace notices in order for Kiryat Belz to have paid the premiums on time. *See, e.g.*, *Halberstam v. Allianz Life Ins. Co. of N. Am.*, 2017 WL 10187689, at *6 (E.D.N.Y. June 9, 2017) (rejecting plaintiff's argument that "notice is defective because it improperly required *receipt* of payment by the due date rather than allowing mailing of the payment by the due date" because that would constitute a "minor mistake" that would not void a grace notice); *see also* 44 Am. Jur. 2d Insurance § 826 ("The mailbox rule does not apply if policy language clearly provides to the contrary, such as where . . . a notice requires that the payment be actually received at the insurer's office by a certain date to avoid a lapse.").

Furthermore, if an insured "knew or should have known that [the insurer] had not received his . . . premium installment, and he thereafter failed to tender the installment . . . [the insured] would have no claim to the benefits of a renewed policy." *Zamora-Leon*, 2017 WL 4155403, at *4. As such, the insured here cannot invoke the mailbox rule after failing to cure nonpayment of premium. *Id.* Kiryat Belz failed to timely submit premium payments for the respective Policies and MassMutual properly lapsed them as a result.

For these reasons, MassMutual respectfully requests a pre-motion conference for the purpose of filing a summary judgment motion.

Honorable Diane Gujarati                                                      -4-

Respectfully,

Nolan Tully
*Attorney for Defendant Massachusetts Mutual*
*Life Insurance Company*